## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2020, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT – MOTHER

Cristin L. Just
Crown Point, Indiana

ATTORNEY FOR APPELLANT – FATHER

Linda L. Harris
Kentland, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of R.A. (Minor Child);

D.E. (Mother) and A.A. (Father),

*Appellants-Respondents,*

v.

Indiana Department of Child Services,

*Appellee-Petitioner.*

July 21, 2020

Court of Appeals Case No.
20A-JT-136

Appeal from the Jasper Circuit Court

The Honorable John D. Potter, Judge

Trial Court Cause No.
37C01-1909-JT-138

**Najam, Judge.**

## Statement of the Case

D.E. ("Mother") and A.A. ("Father") appeal the trial court's termination of their parental rights over R.A. ("Child"). Mother and Father raise three issues for our review, which we restate as the following two issues:

> 1. Whether the trial court clearly erred when it concluded that the circumstances that resulted in Child's removal from Mother's and Father's care would not be remedied.

> 2. Whether the court clearly erred when it concluded that termination of Mother's parental rights was in Child's best interests.

We affirm.

## Facts and Procedural History

In September of 2018, Mother gave birth to Child. Child was born addicted to opiates and methamphetamine, and the Indiana Department of Child Services ("DCS") filed a petition to have Child declared a child in need of services ("CHINS"). The trial court granted DCS's petition, placed Child in Father's care, and ordered Mother to stay away from Child. However, Father promptly returned Child to Mother. Thereafter, the court ordered Child removed from Father's care. Both parents later admitted that Child was a CHINS.

Over the course of the next year, Mother and Father each repeatedly failed drug tests, and they were in and out of jail. In September of 2019, DCS filed its

petition to terminate Mother's and Father's parental rights over Child. After a fact-finding hearing, the trial court agreed and entered its order terminating their rights. This appeal ensued.

## Discussion and Decision

### *Standard of Review*

Mother and Father each appeal the trial court's termination of their parental rights over Child. The court's judgment recites findings of fact and conclusions thereon following an evidentiary hearing. As our Supreme Court has explained, in such circumstances

> [w]e affirm a trial court's termination decision unless it is clearly erroneous; a termination decision is clearly erroneous when the court's findings of fact do not support its legal conclusions, or when the legal conclusions do not support the ultimate decision. We do not reweigh the evidence or judge witness credibility, and we consider only the evidence and reasonable inferences that support the court's judgment.

*M.H. v. Ind. Dep't of Child Servs. (In re Ma.H.)*, 134 N.E.3d 41, 45 (Ind. 2019) (citations omitted).

"Parents have a fundamental right to raise their children—but this right is not absolute." *Id.* "When parents are unwilling to meet their parental responsibilities, their parental rights may be terminated." *Id.* at 45-46. To terminate parental rights, Indiana Code Section 31-35-2-4(b)(2) (2019) requires DCS to demonstrate, as relevant here, that "[t]here is a reasonable probability that the conditions that resulted in the [Child's] removal or the reasons for

placement outside the home of the parents will not be remedied" and that the "termination is in the best interests of the [Child]."

### Issue One:  Whether the Conditions that Resulted in Child's Removal will not be Remedied

We first address the trial court's conclusion that the conditions that resulted in Child's removal from Mother and from Father are not likely to be remedied.  In determining whether the conditions that led to a child's placement outside the parents' care will not be remedied, a trial court is required to (1) ascertain what conditions led to the child's removal or placement and retention outside the parents' care; and (2) determine whether there is a reasonable probability that those conditions will not be remedied.  *R.C. v. Ind. Dep't of Child Servs. (In re K.T.K.)*, 989 N.E.2d 1225, 1231 (Ind. 2013).  Neither Mother nor Father disputes the conditions that led to Child's removal from their care, namely, their drug and criminal histories.

We thus turn to Mother's argument that the court erred when it concluded that there is a reasonable probability that those conditions will not be remedied with respect to her.  According to Mother, the court erred in this determination because she was "effectively abandoned" by DCS.  Mother's Br. at 13.  That is, Mother asserts that DCS "made no attempts" to contact her "or follow up on the status of her progress" with substance abuse treatment.  *Id.* at 11.  Mother continues by asserting that DCS's failures resulted in the trial court merely assuming that "the substance issue was persistent . . . ."  *Id.* at 13.

[9]     We cannot agree with Mother's assessment.  Mother does not dispute the trial court's findings that she did not provide DCS with a manner in which DCS could verify Mother's claims that she was participating in a substance abuse program, that she did not complete any services she began, that she continued to test positive for methamphetamine and heroin, that she has criminal charges pending, and that she has not addressed her drug issues.  Those findings support the trial court's judgment that the conditions that resulted in Child's removal are not likely to be remedied.

[10]    Moreover, DCS did not abandon Mother.  DCS developed a case plan for Mother and monitored her progress, and DCS kept the trial court informed of her progress, which documents were served on Mother.  DCS attempted to communicate with Mother, but Mother's provided phone number did not connect.  DCS also informed Mother of local services in which she could participate.  And DCS offered drug screens to Mother.  Mother's argument that DCS abandoned her is not correct, and the trial court's conclusion that the conditions that resulted in Child's removal from Mother's care is not clearly erroneous.

[11]    Father also asserts that the court erred when it concluded that the conditions that resulted in Child's removal from his care will not be remedied.  But Father's argument on this issue amounts to the following assertions:  that he passed several, though not all, of his drug tests; that his incarceration interfered with his ability to participate in services; that he did participate in some

services; and that the court is simply speculating when it concluded that the conditions that resulted in Child's removal from Father will not be remedied.

[12] We reject Father's argument, which is merely a request for this Court to reweigh the evidence that was before the trial court. Indeed, Father's own argument acknowledges that he continued to fail drug tests and did not complete his services toward reunification. We will not reweigh the evidence on appeal, and we cannot say that the trial court's judgment is clearly erroneous.

### Issue Two: Best Interests of the Child

[13] Mother separately asserts that the trial court erred when it terminated her parental rights because the termination was not in Child's best interests. But Mother's argument on this issue is the same as her argument on Issue One, namely, that DCS's purported abandonment of her rendered the trial court's ensuing termination order erroneous. For the reasons explained above, we reject that argument. Further, the findings support the trial court's conclusion that the termination of Mother's parental rights is in the Child's best interests. We therefore affirm the trial court's judgment.

[14] Affirmed.

Bradford, C.J., and Mathias, J., concur.